UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ONEIL HERNANDEZ MALAVE, </br></br>  Plaintiff, </br></br> v. </br></br> C.O. MOSON, C.O. PIXOTO, </br> C.O. CULLINAN, C.O. SANTOS, </br> LT. MCDANIEL, CAPT. MACOMBER, </br> WARDEN LYNN CORRY, and </br> DIRECTOR WAYNE T. SALISBURY, </br> JR., all in their personal and official </br> capacities, </br></br>  Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 1:23-cv-00524-MSM-LDA </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

ORDER

Mary S. McElroy, United States District Judge.

Oneil Hernandez Malave sued eight Rhode Island Department of Corrections employees under 42 U.S.C. § 1983, alleging excessive use of force in violation of the 8th and 14th Amendments of the U.S. Constitution. (ECF No. 1.) The defendants now move to partially dismiss, arguing (1) that none can be sued in their official capacities under *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), and (2) that Mr. Hernandez Malave fails to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6) against three of the defendants—Captain Macomber, Warden Corry, and Director Salisbury—in their personal capacities. (ECF No. 7.) For the reasons below, the defendants' Partial Motion to Dismiss is GRANTED against all

defendants in their official capacities, GRANTED against Warden Corry and Director Salisbury in their personal capacities, but DENIED against Captain Macomber in his personal capacity.

This case arises from an incident at the Adult Correctional Institutions High Security Center in Cranston, Rhode Island. Mr. Hernandez Malave alleges that on September 28, 2023, "multiple RI DOC officers sprayed [him] more than 6 times with OC spray" while he was having a "mental health breakdown," even though he suffers from asthma. (ECF No. 1 at 8 (cleaned up).) Mr. Hernandez Malave further alleges that Lieutenant McDaniel gave the order, while Captain Macomber "was there not saying anything." *Id.* Because of the OC spray, Mr. Hernandez Malave claims he "couldn't breathe" and experienced "chest pain for a week or more," and he now seeks $100,000 in damages. *Id.* The defendants have moved to partially dismiss his claims. (ECF No. 7.)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must set forth a "plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Relevant here, because Mr. Hernandez Malave is proceeding *pro se*, his Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

Finally, in evaluating a claim's plausibility, the Court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008).

The defendants first move to dismiss the claims against all state defendants in their official capacities. Under 42 U.S.C. § 1983, an aggrieved individual can sue "every person" who, acting under color of law, abridges their rights, immunities, or privileges created by the federal Constitution or federal law. Even so, the Supreme Court made clear in *Will v. Michigan Dep't of State Police* that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. 58, 71 (1989). As a result, it is "settled beyond peradventure" that a "state official acting in his official capacity" cannot be sued for money damages under § 1983. *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). Because Mr. Hernandez Malave has sought only damages against all eight defendants, none of his claims against them in their official capacities can proceed.

Next, the defendants move to dismiss the claims against Warden Corry, Director Salisbury, and Captain Macomber in their personal capacities. Aside from naming Warden Corry and Director Salisbury as defendants, Mr. Hernandez Malave offers no connection between these defendants and the constitutional violations he alleges. Even the most generous reading of the Complaint—that, as supervisors of the officers directly involved, Corry and Salisbury are liable for their subordinates' conduct—is unavailing. "[A] supervisor may not be held liable for the constitutional violations committed by his or her subordinates," unless the plaintiff shows an

3

"'affirmative link' between the behavior of a subordinate and the action or inaction of his supervisor." *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011) (quoting *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009)).  Mr. Hernandez Malave does not provide that crucial affirmative link—or really any facts directly implicating Warden Corry and Director Salisbury in the incident—so his claims against them in their personal capacities must also be dismissed.

That leaves Mr. Hernandez Malave's claim against Captain Macomber.  Recall that Mr. Hernandez Malave alleges Captain Macomber "was there not saying anything" while the other officers sprayed him with OC spray.  (ECF No. 1 at 8.)  The defendants suggest that because Captain Macomber "did not partake in any use of force action" himself, Mr. Hernandez Malave cannot pursue a claim against him.  (ECF No. 7 at 7.)

Not so.  "The state has a duty to protect incarcerated prisoners … from harm by a state actor." *Davis v. Rennie*, 264 F.3d 86, 102 (1st Cir. 2001).  And it is "good law" in this Circuit that an officer can be personally liable for failing to intervene in another officer's use of excessive force.  *Id.* at 98; *see also Gaudreault v. Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) ("An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under Section 1983 for his nonfeasance.").  To sustain a failure to intervene claim, the plaintiff must show that the officer "[1] was present when excessive force was used; [2] observed the use of excessive force; [3] was in a position where he or she could realistically prevent that force; and [4] had sufficient time to

4

do so." *Davis*, 264 F.3d at 102; *see, e.g.*, *Montrond v. Spencer*, No. 17-cv-10505-ADB, 2024 WL 1115937, at *14 (D. Mass. Mar. 14, 2024) (applying the standard).

Brief as it is, Mr. Hernandez Malave's allegation against Captain Macomber is a cognizable claim under that framework. Simply taking the allegation to be true—as is required at this stage of the litigation—satisfies the first two elements. Because Captain Macomber was "there not saying anything," he both "was present when excessive force was used" and "observed the use of excessive force." Further, as the commanding officer on the scene, it naturally follows that Captain Macomber "was in a position where" he "could realistically prevent that force" against Mr. Hernandez Malave. And given that—as Mr. Hernandez Malave explains it—Lieutenant McDaniel had just given the orders to spray him, it is reasonable to infer that Captain Macomber had "sufficient time" to stop the excessive use of the spray. At the motion to dismiss stage, this allegation meets muster. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court *to draw the reasonable inference* that the defendant is liable for the misconduct alleged.") (emphasis added).

Of course, the claim's viability will also turn on the merits of Mr. Hernandez Malave's excessive force claim against the four correctional officers and Lieutenant McDaniel, because without an underlying excessive force claim, there cannot be a failure to intervene claim. Still, the Court need not reach that issue today. Because Mr. Hernandez Malave lays out a prima facie claim for failure to intervene against

5

Captain Macomber, the claim against him in his personal capacity cannot be dismissed.

For the reasons above, the defendants' Partial Motion to Dismiss (ECF No. 7) is GRANTED against all defendants in their official capacities, GRANTED against Warden Corry and Director Salisbury in their personal capacities, but DENIED against Captain Macomber in his personal capacity.

IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge
September 6, 2024